OPINION OF THE COURT
Frank M. Klinger, J.
Plaintiff’s vehicle was damaged when the outside mirror on his vehicle was broken off while driving through the defendant’s car wash equipment. Since plaintiff testified that there was nothing wrong with his mirror prior to entry into the car wash and that it broke off as a result of contact with the equipment during the car wash and no other explanation for this damage was provided, it is apparent that the damage was caused by the malfunction or improper function of the defendant’s equipment for which the defendant is responsible.
The defendant asserts that he had a sign saying "not responsible for damage to vehicles — enter at your own risk”.
The question is presented to what extent an individual can limit their liability by means of a sign. Clearly, a car owner or driver cannot successfully limit their liability by driving around the highways with a sign saying "not responsible for any damage this vehicle may cause”. A human being can certainly not walk about town sporting a sign saying "I am not responsible for any damage I may do” and thereby avoid liability. Similarly, if a sign were enough to avoid liability, the *382 entire malpractice insurance issue, which has reached the front pages of our papers daily, could be solved quite easily. The doctors could all simply post signs at their offices saying "not responsible for any injuries sustained by patients during treatment”. If they were not responsible, they of course could not be sued and would therefore not need to pay any malpractice insurance premiums.
On the other hand the legal entity in charge at a parking lot can limit its liability by posting a sign "not responsible for cars parked here — park at your own risk”. A restaurant can limit liability for an unattended coatroom by posting a sign "not responsible for articles left here”.
What is the distinction? I believe the distinction is clear. It is that in some circumstances in New York State, an individual can successfully disclaim liability for damage which may occur to the property of persons reading their sign only if that damage is directly caused by other persons — not by the defendant or his or it’s operation. A person or corporation or other association cannot, by posting a sign or otherwise, limit its responsibility for damage that the defendant or its apparatus may cause.
The preponderance of the evidence in the case at bar clearly indicates that the damage to the plaintiffs mirror was caused by the improper functioning or malfunctioning of the defendant’s apparatus. Hence, judgment for the plaintiff in the amount of $102.83. The parties have 30 days to appeal.